UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YESICA BECERRA-ZAMORA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>GRUMA CORPORATION, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-01076-WHO<br><br>**ORDER GRANTING MOTION TO REMAND; DENYING MOTION TO CONSOLIDATE; DEFERRING MOTION TO COMPEL**<br><br>Re: Dkt. Nos. 11, 15, 26 |

Plaintiff Yesica Becerra-Zamora ("Becerra") moves to remand this PAGA action to state court. Because defendants have failed to show that more than $75,000 is in controversy, the motion to remand is GRANTED. Defendants' motion to consolidate this case to the lower-numbered voluntary dismissed case is DENIED and their motion to compel arbitration is deferred for decision by the state court on remand.

## BACKGROUND

Becerra previously filed *Zamora v. Gruma Corporation, et. al*, Case No. 3:23-cv-05256-LB ("*Becerra I*"), a putative wage and hour class action against the same defendants in *Becerra II*, in state court in August 2023. *Becerra I*, Dkt. No. 1. *Becerra I* was removed by defendants to this Court based on CAFA[1] jurisdiction. They moved to compel *Becerra I* to arbitration and plaintiff moved to remand. *Becerra I*, Dkt. Nos. 4, 19. The case was assigned to Magistrate Judge Laurel Beeler, who heard arguments on the motions on January 18, 2024.

On February 11, 2024, Judge Beeler denied plaintiff's motion to remand *Becerra I*, granted defendants' motion to compel arbitration of her California Labor Code claims, dismissed

---

[1] The Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d).

1  plaintiff's Unfair Competition Law ("UCL") claim without prejudice to it being refiled in state
2  court, and granted plaintiff leave to assert a representative claim pursuant to the Private Attorneys
3  General Act of 2004 (California Labor Code § 2698, *et seq.*, "PAGA"). *Becerra I*, Dkt. No. 34.
4  Because the appropriate forum for the representative PAGA claim was not decided, Judge Beeler
5  suggested that the parties meet and confer. *Id*. at 14 ("The final issue is — given the compelling
6  of arbitration, the dismissal of the UCL claim, and the allowance of a PAGA claim that would be
7  stayed (at least on this briefing) pending arbitration — the forum for the plaintiff to file her
8  representative PAGA claim. Within two weeks, the court directs the parties to file a joint
9  statement addressing the issue and proposing a briefing schedule for any disputes.").

10  Becerra had already filed the PAGA-only claim in the Superior Court of California,
11  County of Alameda (hereafter "*Becerra II*") on January 22, 2024. *Becerra II*, Dkt. No. 1. It
12  asserts claims for civil penalties under numerous California Labor Code sections based on
13  defendants' alleged failure to pay overtime and minimum wages, failure to accurately track all
14  minutes worked, permitting off-the-clock work, failure to include all forms of compensation in
15  calculating the regular rate of pay, and failure to properly implement an alternative work week
16  schedule. Notice of Removal (Dkt. No. 1), Ex. A, Complaint ("Compl.") ¶ 10.

17  Defendants removed *Becerra II* on February 22, 2024, based on diversity jurisdiction
18  pursuant to 28 U.S.C. § 1332 and § 1441, subsection (b). *See* Notice of Removal at 2. They
19  calculated that Becerra's PAGA claims and penalties at stake amounted to $77,900, surpassing the
20  required amount in controversy. Notice of Removal ¶ 19. They also added 25 percent of $77,900
21  – $19,475 – representing a "standard benchmark" for attorney fees. *Id.* at ¶ 21. Based on those
22  calculations, they contend the amount in controversy exceeds $75,000 as required under 28 U.S.C.
23  § 1332. *Id*. at ¶ 22.

24  On February 23, 2024, Becerra filed a notice of voluntary dismissal of *Becerra I*. *Becerra*
25  *I*, Dkt. No. 37. On February 28, 2024, Judge Beeler related *Becerra II* to *Becerra I*. On March 14,
26  2024, defendants filed a motion to compel *Becerra II* to arbitration. *Becerra II*, Dkt. No. 11. On
27  March 25, 2024, Becerra filed a motion to remand *Becerra II* to state court. *Becerra II*, Dkt. No.
28  15. On April 1, 2024, because all parties to this case did not consent to Judge Beeler, *Becerra II*

1   was reassigned to me. *Becerra II*, Dkt. No. 20. On April 17, 2024, defendants filed a motion to
2   consolidate *Becerra II* with *Becerra I*. *Becerra II*, Dkt. No. 26.

## LEGAL STANDARD

Generally, a case can be removed from state to federal court only when the federal court would have had original jurisdiction over it. 28 U.S.C. § 1441(a). The defendant has the burden of establishing federal subject matter jurisdiction. *See Washington v. Chimei Innolux Corp.*, 659 F.3d 842, 847 (9th Cir. 2011). Removability is "generally determined as of the time of the petition for removal." *Local Union 598, Plumbers & Pipefitters Industry Journeymen & Apprentices Training Fund v. J.A. Jones Constr. Co.*, 846 F.2d 1213, 1215 (9th Cir. 1988).

Under 18 U.S.C. § 1332(a)(1), federal diversity jurisdiction exists when each plaintiff is a citizen of a different state from each defendant and the amount in controversy exceeds $75,000. With respect to the amount in controversy, "[a] removing defendant's notice of removal 'need not contain evidentiary submissions but only plausible allegations of the jurisdictional elements.'" *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (quoting *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)). If the defendant's allegations of removal jurisdiction are challenged, "both sides submit proof" of the amount in controversy "and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 82 (2014) (citing 28 U.S.C. § 1446(c)(2)(B)); *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (clarifying that the defendant has the burden to establish by a preponderance of the evidence that the amount in controversy is met).

"[T]he defendant's showing on the amount in controversy may rely on reasonable assumptions." *Arias*, 936 F.3d at 922 (citing *Ibarra*, 775 F.3d at 1197-99). Such assumptions "need some reasonable ground underlying them" and "may be reasonable if [they are] founded on the allegations of the complaint." *Id.* at 925 (citing *Ibarra*, 775 F.3d at 1198-99); *see also LaCross v. Knight Transportation Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) ("[W]hen the defendant relies on a chain of reasoning that includes assumptions to satisfy its burden of proof, the chain of reasoning and its underlying assumptions must be reasonable ones." (citing *Ibarra*,

United States District Court
Northern District of California

775 F.3d at 1199)).

## DISCUSSION

### I. DEFENDANTS FAILED TO PROVE THAT THE AMOUNT IN CONTROVERSY MEETS OR EXCEEDS $75,000 BY A PREPONDERANCE OF EVIDENCE

PAGA allows employees to bring suit against their employers if the Labor & Workforce Development Agency ("LWDA") has failed to investigate alleged violations of the California Labor Code. *Urbino v. Orkin Servs. of California, Inc.*, 726 F.3d 1118, 1121 (9th Cir. 2013). Employees in successful PAGA actions receive 25 percent of the penalties assessed and the LWDA receives the remaining 75 percent. Cal. Lab. Code § 2699(i). Under PAGA, employees may also seek $100 for each initial violation per pay period and $200 dollars for each subsequent violation. Cal. Lab. Code § 2699(f)(2).

Here, Becerra seeks penalties based on defendants' alleged failure to pay overtime, failure to pay minimum wages, failure to accurately track all minutes worked, permitting off-the-clock work, and failing to properly implement an alternative work week schedule. Compl. ¶¶ 10-25, 38-58. To determine the amount in controversy for a PAGA suit, the only penalties that may be considered are those reasonably owed to the named plaintiff. *Urbino*, 726 F.3d at 1122. Defendants assert, and Becerra does not dispute, that Becerra worked only for 18 pay periods between August 2, 2022, and November 30, 2022. Notice of Removal ¶ 10.

Defendants calculated the amount in controversy based on the PAGA penalties by using the initial violation amount set by statute in plaintiff's first payroll period and the heightened penalty amount for each subsequent violation in each following payroll period for all allegations, to reach an estimate of $77,900. Notice of Removal ¶¶ 19, 20.[2] They then added 25 percent of $77,900 or $ 19,475 based on a "standard" 25 percent of recovery benchmark for attorney fees, to reach their overall estimate that the amount in controversy for plaintiff's claims is $97,375.

---

[2] Defendants used the penalty amount set by statute for each claim and where no penalty amount was set by statute used the default $100/$200 penalty amount required by Labor Code § 2699(f)(2). *See Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127, 1144 (9th Cir. 2021) (where the California Labor Code "does not indicate the amount of the penalty for its violation, PAGA fixes the penalty at $100 'for each aggrieved employee per pay period for the initial violation,' and $200 'for each aggrieved employee per pay period for each subsequent violation.'" (quoting Labor Code § 2699(f)(2)).

1  Notice of Removal ¶¶ 21, 22.  Becerra argues that defendants made numerous mistakes in their
2  calculations; including using heightened penalties without a basis for them, ascribing 100 percent
3  of the penalties to plaintiff and none to LWDA, and overstating the amount of possible attorney
4  fees.

### A.  Heightened Penalties

Becerra argues first that defendants' calculation of the amount in controversy is overstated as based on heightened penalties for "subsequent violations," without demonstrating that heightened penalties would be available for any of the 18 workweeks at issue.  Mot. at 9.  For heightened penalties to apply under PAGA, defendants must have been on notice of their initial violations before any "subsequent violations" can have occurred.  *Steenhuyse v. UBS Fin. Servs.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018).  A "subsequent" violation under PAGA comes with a heightened penalty, but it only occurs after the employer is notified that it is violating the Labor Code.  *See Bernstein v. Virgin Am., Inc.*, 3 F.4th 1127, 1144 (9th Cir. 2021); *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1209 (2008).

Becerra asserts that the first notice defendants could have had was on August 2, 2023, when she filed her PAGA claim with the LWDA.  Mot. at 9.  Because defendants were not on notice of her PAGA claim during any of her 18 pay periods (that ended November 30, 2022), she argues that there is no reasonable ground to count heightened penalties as part of the amount in controversy.  Mot. at 9.

Defendants contend that the notice issue is irrelevant because Becerra is alleging "intentional" or willful violations related to at least three of her Labor Code claims under Cal. Lab. Code sections 226, 432, 1174, 1198.5: furnishing accurate wage statements, personnel records, and time records.  Compl. ¶¶ 14-15, 38, 50 (alleging intentional or willful conduct).  They assert that since plaintiff alleges that defendants' violations of these sections were "intentional" or "willful," the damages should be calculated using heightened penalty rate.  Oppo. to Mot. to Remand (Dkt. No. 24) ¶ 15; Cal. Lab. Code § 2699(f)(2).[3]

---

[3] Defendants also distinguish this case from *Steenhuyse* because there, plaintiff's complaint was devoid of allegations of willful and intentional misconduct, and there was no notice that could

At base, defendants' use of the heightened penalty amount might be appropriate for the few claims where Becerra alleged intentional or willful conduct related to providing accurate wage statements and furnishing accurate employee records. Compl. ¶¶ 14, 15, 38, 50. Defendants, however, used the heightened penalty amount for many other claims, including failing to pay minimum wages and overtime. *See* Notice of Removal ¶ 19. They have not shown, using the appropriate calculations, that the amount in controversy for Becerra's PAGA claims is anywhere near their $77,900 estimate.

### B.     Attributing 100 Percent of the Penalties to Plaintiff

Even if the $77,900 figure was appropriate, a more significant problem exists with defendants' calculations. They erred by including 100 percent of the estimated penalties towards the amount in controversy when 75 percent of PAGA penalties go to the LWDA and only 25 percent go to plaintiff. *See* Cal. Lab. Code § 2699(i) (civil penalties recovered by aggrieved employees are distributed "75 percent to the [LWDA] and 25 percent to the aggrieved employees"). Defendants argue that because plaintiff seeks "recovery for a representative group and the LWDA," the 75 percent should be aggregated with the 25 percent that would go to plaintiff. Oppo. at 12.

The Ninth Circuit has not squarely considered the issue, nor have the California state appellate courts. But the Ninth Circuit has ruled that a plaintiff's entitlement to PAGA penalties cannot be combined with the penalties owed to other employees to meet the threshold. *See Urbino*, 726 F.3d at 1122-23. The court relied on the traditional rule that prevents multiple plaintiffs with separate and distinct claims from aggregating them to satisfy the amount in controversy requirement for diversity jurisdiction. *Id.*

District Courts in California are split concerning whether *Urbino* requires disaggregating the LWDA's portion of the penalties from the individual plaintiff's in calculating the amount in controversy. *Compare, e.g.*, *Steenhuyse v. UBS Fin. Servs., Inc.*, 317 F. Supp. 3d 1062, 1069 (N.D. Cal. 2018) (holding that the state's 75 percent share should not be  aggregated with an

---

have triggered the heightened "subsequent violation rate." *Steenhuyse*, 317 F. Supp. 3d at 1069.

6

individual plaintiff's 25 percent share); *Adame v. Comtrak Logistics, Inc.*, 2016 WL 1389754, at *5–6 (C.D. Cal. Apr. 7, 2016) (same); *Lopez v. Ace Cash Express, Inc.*, 2015 WL 1383535 (C.D. Cal. Mar. 24, 2015) (same); *Willis v. Xerox Bus. Servs.*, LLC, 2013 WL 6053831, at *9 (E.D. Cal. Nov. 15, 2013) (same); *with, e.g.*, *Mitchell v. Grubhub Inc.*, 2015 WL 5096420, at *5–6 (C.D. Cal. Aug. 28, 2015) (holding that the state's 75 percent share can be aggregated with an individual plaintiff for purposes of satisfying the amount in controversy); *Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032 (N.D. Cal. 2014) (same). Defendants rely on the decision in *Patel*, 58 F. Supp. 3d at 1032, where the court explained that because the employer owes an obligation to both the plaintiff and LWDA to obey the Labor Code, each violation of the Labor Code should be treated as a single penalty obligation to both the plaintiff and LWDA "at the same time and in the same way." *Id.* at 1048.

More recent decisions in this District reach a different conclusion. The court in *Steenhuyse* rejected *Patel* and held that "the 75 [percent] share of any PAGA recovery to be paid to the LWDA should not be aggregated with plaintiff's 25 [percent] share to establish the amount in controversy threshold." 317 F. Supp. 3d at 1069. *See also Nacarino v. Prime Now, LLC*, No. 20--CV-2099 YGR, 2020 WL 2309875, at *1 (N.D. Cal. May 8, 2020) ("Defendants further overstated the amount in controversy by including 100 [percent] of the potential penalties under PAGA, whereas the statute limits plaintiff to 25 [percent] of those penalties, requiring 75 [percent] be distributed to the LWDA"); *Porter v. Equinox Holdings, Inc.*, No. 19-CV-02426-SK, 2019 WL 1320200, at *2 (N.D. Cal., July 9, 2019) ("[T]he majority of courts have concluded that *Urbino* 'support[s] the conclusion that the 75 [percent] share of any PAGA recovery to be paid to the LWDA should not be aggregated with the plaintiff's 25 [percent] share to establish the amount in controversy threshold.'").

I agree with the *Steenhuyse* line of cases that the 75 percent share of any PAGA recovery to be paid to the LWDA should not be aggregated under *Urbino*. At most, 25 percent of defendants' estimate – whether based on their overstated $77,900 estimate or a lesser amount – may be attributed to the amount in controversy.

7

### C. Attorney Fees

Under California Labor Code § 2699(g)(1), "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Defendant used a "standard 25 percent benchmark" of the amount defendants estimated plaintiff could recover on her PAGA claim for their calculation. Notice of Removal ¶ 21.

Defendants' benchmark cases[4] are class action and common fund cases, not representative PAGA actions, and are not persuasive in this context. That approach was rejected in *Steenhuyse*, where the defendant used the same 25 percent of the estimated civil penalties as attorney fees to attempt to satisfy the required amount in controversy for a PAGA claim. 317 F. Supp. 3d at 1066. The court explained that since PAGA is a "fee-shifting statute," under PAGA's attorney fee provision (section 2699(g)(1)) counsel is required instead to provide an estimate based on a "lodestar calculation." *Id.* at 1072. Because the defendants provided no evidence to support a "lodestar calculation," the court refused to include attorney fees estimate as part of the amount in controversy calculation. *Id.* at 1073.

The same is true here. Defendants offer 25 percent of the estimated civil penalties as reasonable attorney fees without justification and "made no attempt to offer evidence supporting a lodestar calculation of plaintiff's fees." *Id.* Their $19,475 estimate of potential attorney fees is without basis and cannot be included in the estimated amount in controversy.

In short, defendants' heightened penalty calculations were inappropriate, they improperly included 100 percent of the possible PAGA penalties in their calculations, and they failed to provide the required lodestar estimate to justify including an attorney fee award in the amount in controversy calculation. They have failed to show by a preponderance of the evidence that plaintiff's PAGA claims exceed the $75,000 threshold under 28 U.S.C. § 1332. The motion to remand is GRANTED.

---

[4] *See Powers v. Eichen*, 229 F.3d 1249, 1256 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorney fees calculations under the percentage-of-recovery approach."); *Cicero v. DirecTV, Inc.*, 2010 WL 2991486, at *6 (C.D. Cal. 2010) (finding attorney fees of thirty percent of the gross settlement amount were reasonable).

8

## II. OTHER ISSUES

Despite that determination, defendants nonetheless argue that if I consolidate this case with *Becerra I*, I could appropriately exercise supplemental jurisdiction over the claims in this case. Mot. to Consolidate (Dkt. No. 26). But Becerra voluntarily dismissed her claims in *Becerra I*, as was her right under FRCP 41(a)(1)(A)(i). *Becerra I*, Dkt. Nos. 37, 48; *see also Am. Soccer Co. v. Score First Enterprises, a Div of Kevlar Indus.*, 187 F.3d 1108, 1110 (9th Cir. 1999) ("This 'absolute right' for a plaintiff voluntarily to dismiss an action when the defendant has not yet served an answer or a summary judgment motion leaves no role for the court to play.").

Defendants filed "objections" to that dismissal (*Becerra I*, Dkt. Nos. 38, 49), but the only authority they cited is *Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115 (9th Cir. 2020), which does not apply. That case held only that plaintiffs could not create appellate jurisdiction by voluntarily dismissing claims that a district court had compelled to arbitration. *Id.* at 1122-23. The existence or non-existence of appellate jurisdiction over the claims Judge Beeler determined were arbitrable is not before me; the only question is whether plaintiff's voluntary dismissal was effective. The *Langere* court itself noted that even after an order compelling claims to arbitration, it is "procedurally proper" for a plaintiff to dismiss a case as long as defendant had not filed an answer or a motion for summary judgment. *Id.* at 1118 n.2 ("Under Rule 41(a)(1)(A)(i), a plaintiff can file for voluntary dismissal without order of the court if filed before the opposing party serves either an answer or a motion for summary judgment. Here, Verizon did not file either and so Langere's dismissal was procedurally proper.").

*Becerra I* is dismissed, and the Clerk's Office will be instructed to close the case. And even if *Becerra I* was not voluntarily dismissed and it was appropriate to consider consolidating this case with *Becerra I*, I would decline to exercise supplemental jurisdiction over the PAGA-only representative claim. I would remand her PAGA-only claims back to state court, just as I am doing now. *See, e.g.*, *Sheppard v. Staffmark Inv., LLC*, No. 20-CV-05443-BLF, 2021 WL 690260, at *9 (N.D. Cal. Feb. 23, 2021) (after compelling other claims to arbitration, "the Court declines supplemental jurisdiction over the remaining PAGA claim under 28 U.S.C § 1367(c)(3) and remands the PAGA claim to state court where it was originally filed"). Defendants' motion to

consolidate is DENIED.

Finally, defendants' motion to compel arbitration is deferred for determination by the state court on remand.

**CONCLUSION**

Defendants failed to prove by a preponderance of evidence that the amount in controversy meets the jurisdictional requirement of $75,000.  Therefore, the motion to remand is GRANTED.  The motion to consolidate is DENIED.  The motion to compel arbitration is deferred for resolution by the state court on remand.

**IT IS SO ORDERED.**

Dated: July 8, 2024



WILLIAM H. ORRICK
United States District Judge